UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENEVA LANGWORTHY, | CASE NO. 3:24-cv-05373-JNW |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | |
| Defendant. | |

## 1. INTRODUCTION

As Plaintiff Geneva Langworthy is proceeding in forma pauperis ("IFP"), the Court screens her complaint under 28 U.S.C. § 1915(e) ("Section 1915"). For the reasons below, the complaint must be dismissed. Even so, given that Langworthy is pro se, the Court allows her an opportunity to amend her complaint rather than dismiss her case.

When a plaintiff proceeds IFP, the district court must dismiss the action if the court determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The legal standard for failure to state a claim

**ORDER** - 1

in this context parallels that of Federal Rule of Civil Procedure 12(b)(6). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Barren v. Harrington*, 152 F.2d 1193, 1194 (9th Cir. 1998)). Thus, the court must dismiss the complaint if it fails to state factual allegations that—when accepted as true—support a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible on its face "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In addition, because Langworthy is pro se, the Court must construe her complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

Langworthy's complaint lacks sufficient allegations for the Court to understand her legal claim; even when the Court construes her complaint liberally and accepts her allegations as true, it cannot conclude that the Washington Department of Social and Health Services (DSHS) violated the Americans with Disabilities Act (ADA), as Langworthy alleges. Langworthy cites to the ADA generally, rather than any specific provision applicable to her case. *See* Dkt. No. 5 at 4–5. She states that DSHS violated her rights by improperly terminating her food stamp benefits. Dkt. No. 5 at 5. She alleges that DSHS "failed to communicate with [her] regarding an upcoming mid-certification review" and that she did not receive an "accessible and impartial" hearing when her benefits were terminated. *See id*. Ultimately, Langworthy's allegations are conclusory and fail to provide enough underlying facts to support a plausible claim for relief.

Accordingly, the Court ORDERS:

- Langworthy may file an amended complaint that cures the defects discussed above. The amended complaint will serve as a complete substitute for the first complaint, and thus it must not reference, incorporate, or cite to the first complaint.
- The deadline to file an amended complaint is January 8, 2025.
- Failure to file an amended complaint by the deadline will result in dismissal of this action without prejudice.

Dated this 4th day of December, 2024.

Jamal N. Whitehead
United States District Judge

**ORDER** - 3